IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TONY WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:17-cv-01247-LSC-JEO |
| | ) | |
| LEON BOLLING, WARDEN, and | ) | |
| the ATTORNEY GENERAL OF THE | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254 by Petitioner Tony Williams, an Alabama state prisoner acting *pro se*. (Doc. 1). Williams is incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama. He is serving a sentence of life without parole imposed in 2006 by the Circuit Court of Jefferson County, Alabama, Birmingham Division, following his conviction for first-degree robbery. (*Id.* at 1, 2). On August 24, 2017, the magistrate judge to whom the action is referred entered a report pursuant to 28 U.S.C. § 636(b) recommending that Petitioner's habeas application be denied as time barred under 28 U.S.C. § 2244(d)(1). (Doc. 5 ("R&R")). After the court granted Petitioner's motion for an extension to file objections to the R&R (*see* Docs. 6, 7), Petitioner has filed a document he has styled as a "Motion to Amend"

his habeas petition (Doc. 8), which is accompanied by a supporting affidavit. (Doc. 9). Upon consideration, the court concludes that Petitioner's instant filings, whether treated as a motion for leave to amend or as objecting to the R&R, cannot save his habeas petition from being denied as untimely filed.

In his R&R, the magistrate judge concluded that Petitioner's § 2254 application was filed more than seven years after the expiration of the one-year statute of limitations imposed by 28 U.S.C. § 2244(d)(1), absent statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling. (R&R at 4-5). As to the former, the magistrate judge found that Petitioner's application filed in state court seeking post-conviction relief under Ala. R. Crim. P. 32 had no statutory tolling effect because Petitioner filed it only after the expiration of the one-year federal limitations period. (*Id.* at 5-6). The magistrate judge then found that Petitioner had made no allegations to support the existence of equitable tolling, either. (*Id.* at 6).

Petitioner now responds with his "Motion to Amend" and affidavit in support thereof. Petitioner asserts in those documents that his federal due process rights were violated both at trial and in his state post-conviction proceedings. (Doc. 8 at 1; Doc. 9 at 1). Specifically, he complains that the state courts denied his motions to secure an expert to contest the DNA evidence that the State

presented at trial. (Doc. 8 at 1; Doc. 9 at 1) Petitioner also contends that "he was unable to timely file his petition for writ of habeas corpus" because "he was denied access to the courts because of [a lack of] legal assistance to prepare an application for State post-conviction [relief] and an application for a writ of habeas corpus under § 2254." (Doc. 8 at 2; Doc. 9 at 1-2).

Petitioner's arguments have no merit. For starters, his claim that his procedural due process rights were violated at trial, with regard to a DNA expert or otherwise, wholly fails to confront the R&R's recommended basis for denying relief: that whatever the merits of his substantive claims might be, *Petitioner filed his § 2254 habeas application too late*. His claim that his procedural due process rights were violated in the state post-conviction proceedings fares no better. At the outset, Petitioner completely fails to state facts sufficient to suggest any such violation occurred. But even assuming otherwise, a constitutional violation in state post-conviction proceedings would not impugn his already-then-final criminal conviction, so the violation would not be a valid ground for federal habeas relief. *See Alston v. Department of Cor., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010); *Carroll v. Secretary DOC, Fla. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009).

Finally, Petitioner claims that he was prevented from timely filing his §

2254 application in this court on the theory that "he was denied access to the courts" because he supposedly was not provided with "legal assistance." The court liberally construes that as an argument for equitable tolling of the limitations period. However, as the magistrate judge recognized in the R&R, to be entitled to such tolling, a habeas petitioner has the burden to plead facts and then prove "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). "And the allegations supporting equitable tolling must be specific and not conclusory." *Lugo v. Secretary, Fla. DOC*, 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012)). Petitioner's vague assertion that he was not provided with "legal assistance" is patently the latter. *See Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009) (rejecting habeas petitioner's claim for equitable tolling based on "conclusory" allegations regarding lack of law library access). Indeed, he comes nowhere close to establishing that equitable tolling might render his § 2254 application timely, particularly given that he would have to account for *at least seven years of tolling* to do so. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (declining to apply equitable tolling based on allegations that the petitioner was

4

subjected to jail lockdowns during which he could not access the law library, because he still had ample opportunity to file on time).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. As a result, the petition for writ of habeas corpus is due to be denied and this action is due to **DISMISSED WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Order will be entered.

Done this 1st day of November 2017.

L. Scott Coogler
United States District Judge
[160704]